UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20877-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JASON HANDAL,

    Defendant.
_____/

## JASON HANDAL'S SENTENCING MEMORANDUM

Jason Handal, through counsel, respectfully submits this Sentencing Memorandum, in which he seeks to demonstrate to the Court that he should receive a probationary sentence for the following reasons:

- He has accepted responsibility and cooperated fully, completely, and voluntarily, providing substantial assistance to the Government;

- His personal characteristics (including his strong character, long history of charitable contributions, strong family ties, and work ethic) support a significant downward variance under 18 U.S.C. § 3553(a)(1);

- There is no risk that he will reoffend;

### DISCUSSION

We respectfully urge the Court to impose a sentence of probation which is sufficient – but not greater than necessary – to satisfy the factors outlined in 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Given his substantial assistance to the

Government, his personal characteristics and history, his total acceptance of responsibility, the serious ramifications he has already endured and will continue to endure as a result of his conduct, and his extreme unlikeliness to recidivate, Hanal should not receive an incarcerative sentence.

Mr. Handal indicated his willingness to plead guilty and to cooperate with the United States at the very early stages of this case. Mr. Handal was an employee of Dip Shipping and his actions in this case represent as misguided attempt of being a valuable employee and pleasing his boss. Mr. Handal accepts full responsibility for this offense and he understands how his actions harmed others. Mr. Handal did not however originate the actions which make up this case. Mr. Handal understands that he could have refused to participate, he could have walked away from a job he held for over ten years, he could have taken multiple actions to stop what was happening but he did not. Misguided loyalties are not enumerated grounds for a departure or a variance but they do explain Mr. Handal's actions. This crime was not committed by Mr. Handal out of malice or avarice, it was committed out of a desire to be a valued and respected employee.

Under the circumstances of this case, a custodial sentence is not needed to achieve the notions underpinning 18 U.S.C. § 3553(a). Even without any sentence imposed by the Court, Handal's actions have brought upon him significant hardships that will be with him for the remainder of his life, including the loss of his previous stellar reputation within the community. Adding a sentence of probation to these punishments would more than adequately reflect the seriousness of the offense and would provide adequate deterrence to any person in Handal's shoes who might otherwise consider acting as he did.

We respectfully request that this Court sentence Jason Handal to probation.

Respectfully submitted,

By: */s/ William R. Barzee, Esq.*
     *William R. Barzee, Esq.*
Fla. Bar No. 0158720

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled this 24th day of June, 2019, and served on all appropriate parties through that system.

Respectfully submitted,

By: */s/ William R. Barzee, Esq.*
     *William R. Barzee, Esq.*
Fla. Bar No. 0158720

Barzee Flores, LLP
Courthouse Center, PH 1
40 N.W. Third Street
Miami, Florida 33128
Tel: (305)3743998
Fax: (305)3743985
WilliamBarzee@barzeeflores.com